UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GEORGE HAMPTON,

                Petitioner,                FILE NO. 4:06-CV-87

v.                                        HON. ROBERT HOLMES BELL

CAROL HOWES,

                Respondent.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #6). The matter presently is before the Court on Petitioner's objections to the R&R (docket #7). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001). Under the AEDPA, promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).

## II.

Petitioner challenges his 1985 conviction for armed robbery. The Magistrate Judge concluded that Petitioner's application is barred by the one-year statute of limitations

provided in 28 U.S.C. § 2244(d)(1). Petitioner raises two objections to the R&R. First, he contends that the statute of limitations should be equitably tolled on the basis of his significant learning disability, which prevents him from improving his literacy beyond the third-grade level. Second, he asks this Court to address his substantive claims, arguing that his procedural default of those claims should be excused on the basis of manifest injustice.

Petitioner does not dispute the Magistrate Judge's calculation of the statute of limitations. Under the Magistrate Judge's analysis, which the Court adopts, Petitioner's time for filing his habeas petition expired on April 24, 1997, at the end of the one-year grace period following adoption of the AEDPA. Petitioner asserts, however, that he has a serious learning disability that effectively prevented him from raising his claims until he had access to the Michigan Department of Corrections Legal Writer Program, which was not implemented until early 2004. Petitioner objects to the Magistrate Judge's conclusion that Petitioner was not entitled to tolling because he obviously was able to file necessary motions, as demonstrated by his numerous filings in the state courts. Petitioner contends that his state-court filings were near gibberish and do not demonstrate that he had the ability to file a meaningful habeas petition.

As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). To demonstrate entitlement to equitable tolling, a petitioner must establish two

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Assuming Petitioner's representations to be true for purposes of these objections, Petitioner nevertheless fails to demonstrate entitlement to tolling for the entire period between April 24, 1997, when the grace period expired, and July 24, 2006, when he filed his habeas petition. Even if Petitioner's disability was sufficiently significant to prevent him from raising the issues presented in his petition until after the implementation of the Legal Writer Program, Petitioner at no time explains why he could not obtain assistance and file his petition for nearly one and one-half years after the program was in place. Petitioner therefore has failed to demonstrate either the necessary diligence or that extraordinary circumstances prevented him from filing until July 24, 2006. *Pace*, 544 U.S. at 418.

Because the petition is barred by the statute of limitations, Petitioner's second objection, which addresses the merits of the habeas petition, is irrelevant to the Court's disposition.

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See, e.g., Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states

5

a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural ground that the petition is barred by the statue of limitations.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

      A judgment consistent with this opinion shall be entered.


Date:   October 23, 2006          /s/ Robert Holmes Bell
                                                                          ROBERT HOLMES BELL
                                                                          CHIEF UNITED STATES DISTRICT JUDGE